# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Curtis Tomac, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| I.C. System, Inc. | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Plano, IL at all times relevant to this action.

2. Defendant is a Minnesota Corporation that maintained its principal place of business in St. Paul, MN at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6.  Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7.  The principal source of Defendant's revenue is debt collection.

8.  Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9.  As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to AT&T, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around July 26, 2011, Plaintiff retained an attorney to file bankruptcy.

14. On or around April 15. 2012, Defendant's employee Beth Brown telephoned Plaintiff in connection with the collection of the debt.

15. During this communication, Plaintiff's wife ("Jennifer") notified Defendant that Plaintiff was represented by a bankruptcy attorney with respect to the debt and provided Plaintiff's attorney's contact information.  Beth refused to take down Plaintiff's attorney information, threatened that Defendant would call Plaintiff back, and terminated the phone call.

16. At the time of the above communication, Defendant had no legal right to contact Plaintiff in connection with the collection of the debt after receiving Plaintiff's attorney's contact information.

17. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the debt on April 16, 2012.

18. During this communication, Plaintiff again notified Defendant that that Plaintiff was represented by a bankruptcy attorney with respect to the debt and provided Plaintiff's attorney's contact information.

19. Despite the above notices, Defendant mailed Plaintiff letters in connection with the collection of the debt on April 21 and April 24, 2012.

20. Defendant caused Plaintiff emotional distress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

23. In support hereof, Plaintiff incorporates paragraphs 13-19 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Defendant violated 15 U.S.C. §1692e5 by threatening to take action that cannot legally be taken or that was not intended to be taken.

25. In support hereof, Plaintiff incorporates paragraphs 15-16 as if specifically stated herein.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b.   For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY BANKRUPTCY LAW, P.C.

By: s/Nicholas J. Prola
    Nicholas J. Prola
    NDIL Bar #6302785
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Fax: 312-822-1064
    Email:  nprola@maceybankruptcylaw.com
    Attorneys for Plaintiff